# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 13-827V
March 6, 2014
Not to be Published

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| RONNIESHA THOMAS, * | |
| * | |
| Petitioner, * | |
| * | |
| v. * | influenza vaccine; 11-week onset |
| * | of transverse myelitis; petitioner |
| * | moves for decision on the |
| SECRETARY OF HEALTH * | written record; no expert opinion or |
| AND HUMAN SERVICES, * | medical records in support |
| * | |
| Respondent. * | |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Isaiah R. Kalinowski</u>, Washington, DC, for petitioner.
<u>Melonie J. McCall</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

Petitioner filed a petition on October 22, 2013, under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012). Petitioner alleges that her influenza ("flu")

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

vaccination on October 6, 2010, caused her transverse myelitis ("TM"), which began December 20 or 22, 2010, or 11 weeks (almost three months) later.

On January 30, 2014, the undersigned held a telephonic status conference with petitioner and respondent, explaining that the undersigned has never gone beyond two months (or eight weeks) as an appropriate interval for a vaccination to cause a demyelinating disease, and cited the undersigned's decision in Corder v. Sec'y of HHS, No. 08-228V, 2011 WL 2469736 (Fed. Cl. Spec. Mstr. May 31, 2011) (onset of GBS four months after flu vaccination was too long to be appropriate for causation; the undersigned has never gone beyond two months as an appropriate time interval for causation).  Petitioner's counsel stated that he intended to speak with petitioner about whether to move to dismiss her petition.

On March 6, 2014, petitioner filed a Motion for a Decision on the Written Record, based on Vaccine Rule 8(d) (Decision Without an Evidentiary Hearing).  Petitioner states in her motion: "Petitioner does not deem it worthwhile to pursue prosecution of the Petition all the way to a hearing with expert witnesses, and believes the Court has sufficient information to rule on the issue of causation."  Pet'r's Mot., at 1, ¶ 2.

The undersigned grants petitioner's motion and dismisses her case.

**FACTS**

Petitioner was born on September 1, 1968.

On October 6, 2010, she received flu vaccine.  Med. recs. Ex. 1, at 3.

On December 24, 2010, petitioner saw Dr. Justin D. Cheesman at Waterbury Hospital Emergency Department, complaining of paresthesias lasting four days (onset December 20, 2010) in her left lower extremity.  Med. recs. Ex. 3, at 63.

On December 27, 2010, petitioner saw Dr. Daniel Tobin at Alliance Medical Group, complaining of five days (onset December 22, 2010) of left-sided numbness and urinary incontinence.  Med. recs. Ex. 2, at 29.

On January 3, 2011, petitioner went to Waterbury Hospital Emergency Department, complaining of paresthesias lasting 12 days (onset December 22, 2010).  Med. recs. Ex. 3, at 71.  She was admitted to Waterbury Hospital on the same day and told Dr. Majid Sadigh that she had experienced 12 days (onset December 22, 2010) of left-sided numbness.  Id. at 76.

Also on January 3, 2011, petitioner saw Dr. Kenneth Kaplove, a neurologist at Waterbury Hospital and told him that 12 days prior to admission (onset December 22, 2010), she had numbness over the left side of her body.  Id. at 79.  Three of her children had had stomach viruses after Christmas.  Id.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

Althen, 418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation."  Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  Id. at 1148.

The Vaccine Act does not permit the undersigned to rule for petitioner based on her claims alone, "unsubstantiated by medical records or by medical opinion."  42 U.S.C. § 300aa–13(a)(1) (2012).

Petitioner states in her Motion for a Decision on the Written Record that she will not pursue prosecution of the petition all of the way to a hearing with expert witnesses, as she does not deem it worthwhile to do so.  The medical records do not support her allegation that flu vaccine caused her TM 11 weeks later.  Petitioner has failed to satisfy prong one of Althen.

Because petitioner has failed to prove that flu vaccine can cause TM 11 weeks later, she has also failed to prove that flu vaccine did cause her TM 11 weeks later.  Petitioner has failed to satisfy prong two of Althen.

In addition, petitioner has failed to prove that 11 weeks is an appropriate time interval to support a holding of causation of her TM from her flu vaccination.  Thus, she has failed to satisfy prong three of Althen.

Petitioner has failed to make a prima facie case.  The undersigned **GRANTS** her motion for a ruling on the written record.  This petition is hereby **DISMISSED.**

## CONCLUSION

      This petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: March 6, 2014                                                s/Laura D. Millman  
                                                                                               Laura D. Millman  
                                                                                                Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.